In the Matter of MARION I. DAVIS, Petitioner, v. JACK R. GOLD-BERG, as Commissioner of Social Services, Department of Social Services of the City of New York, Respondent.

First Department, October 7, 1969.

*David C. Gilberg* for petitioner.

*Anthony B. Gliedman* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

*Per Curiam.* This article 78 proceeding calls upon us to review the action of the Commissioner of Social Services of the City of New York discharging petitioner from her job as a Hospital Care Investigator.

Petitioner entered upon employment with the city in the year 1951, and from all that appears, had rendered satisfactory service. Come January, 1969, and while working at the Bronx Municipal Hospital, she was informed by her superior she would be reassigned to her permanent title as Hospital Care Investigator, having failed a promotional examination, but that she would have an opportunity to express a preference for work location at Fordham Hospital, Lincoln Hospital, the Manhattan-Bronx voluntary group or at the central office. Petitioner declined them all. Whereupon she was assigned to the main office in Manhattan. Petitioner, however, announced that she would obdurately continue at the Bronx Municipal Hospital, and she filed a grievance petition based on a claimed seniority status over certain provisionals. These moves, she claims, were on advice of counsel.

On January 17, 1969, for her intransigent refusal to accept assignment at her new location, she was suspended. A disciplinary hearing was held on February 24 to 25, 1969. Findings were reported on March 24, 1969. The Hearing Officer found her conduct to be ill-advised, although done with advice of counsel, and mentioning the length of her service and her hitherto satisfactory record, recommended she be afforded another opportunity to accept reassignment to the Bureau of Medical Assistance. Further, he recommended that her period of suspension be considered an appropriate penalty for her misconduct; in the event of her refusal to accept reassignment, dismissal was recommended.

On April 2, 1969, at the office of the department's personnel representative, in respect of her reassignment, petitioner requested an adjournment of the interview in order for her

500

attorney to be present. This request was also in writing. Notwithstanding, a letter from the department issued, terminating her employment. The city brief concedes " that the record does not conclusively show that she was given this last opportunity to accept the reassignment ". We agree.

And in view of the moderate nature of the Hearing Officer's findings, noting petitioner's 19 years of satisfactory service, that in the opinion of her immediate supervisor " she was a very competent worker ", we feel the measure of discipline meted out to her was unduly harsh. Extensive pension rights are involved, and no heinous offense was committed. We conclude that a nine months' period of suspension from employment, without pay, would be more proportionate to her insubordination, which we do not condone, rather than complete dismissal. (See *Matter of Bovino* v. *Scott,* 22 N Y 2d 214; *Matter of Black* v. *Lomenzo,* 31 A D 2d 908.) In the event however, she again refuses to accept reassignment, dismissal may be the consequence.

Accordingly, under the circumstances of this case, the determination of dismissal should be modified, on the law and in the exercise of discretion pursuant to the power vested in this court, without costs or disbursements, to permit, in lieu thereof, a suspension of employment, without pay, for a period of nine months, on condition petitioner accept reassignment; in the event reassignment is refused by petitioner, dismissal may follow.

EAGER, J. P., CAPOZZOLI, McGIVERN, NUNEZ and STEUER, JJ., concur.

Determination of respondent unanimously modified, on the law and in the exercise of discretion, without costs or disbursements, to permit, in lieu thereof, a suspension of employment, without pay, for a period of nine months, on condition petitioner accept reassignment; in the event reassignment is refused by petitioner, dismissal may follow.